UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-61579-DIMITROULEAS

CARLOS ROBERTO,

    Plaintiff,

v.

ADDISON PLACE APARTMENTS
PROPERTY OWNER, LLC, et al.,

    Defendants.
_____/

## ADDISON PLACE APARTMENTS PROPERTY OWNER, LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

Defendant, Addison Place Apartments Property Owner, LLC ("Addison Place") hereby files its Answer, Affirmative Defenses, and Counterclaim to Plaintiff Carlos Roberto ("Plaintiff")'s Complaint [ECF No. 1], and in support thereof states as follows:

### ANSWER

1. Addison Place is without knowledge as to Plaintiff's current residence, and therefore denies this allegation.

2. Admitted.

3. Admitted

4. Admitted.

### JURISDICTION AND VENUE

5. Admitted.

6. Admitted.

7. Admitted that venue is proper. Denied that Plaintiff was the subject of collection efforts concerning an illegitimate debt.

## FACTUAL ALLEGATIONS

8. Admitted. However, the Lease attached to Plaintiff's Complaint as Exhibit A only contains the first page of the Lease. The full Lease is attached hereto as **Exhibit 1**.

9. Admitted.

10. Addison Place is without knowledge sufficient to admit or deny the allegation in Paragraph 10, and therefore denies this allegation.

11. Denied. Work orders submitted by Plaintiff were completed.

12. Admitted.

13. Admitted.

14. Admitted.

15. Addison Place is without knowledge sufficient to admit or deny the allegation in Paragraph 15, and therefore denies this allegation.

16. Addison Place admits that Plaintiff's apartment was relet after Plaintiff vacated the apartment.

17. Denied. Photographs taken during the move-out inspection show numerous conditions in need of repair or cleaning, including but not limited to, carpet replacement and cleaning of the washing machine, sinks, bathtub, and closet. If any repairs were necessary, Plaintiff was required to submit the request for repair to the Online Tenant Portal pursuant to section 27 of the Lease Agreement.

18. Addison Place is without knowledge sufficient to admit or deny the allegation in Paragraph 18 regarding whether Plaintiff established a forwarding address at the post office.

19. Admitted that Addison Place did not return Plaintiff's security deposit. Denied that Addison Place did not notify Plaintiff in writing pursuant to Fla. Stat. § 83.49(3)(a).

20. Admitted.

21. Denied.

22. Admitted that IQ Data is a third party company that collects debts owed by tenants. Denied that the $1,391 was illegitimate.

23. Addison Place is without knowledge sufficient to admit or deny the allegation in Paragraph 23 of the Complaint, and therefore denies this allegation.

24. Addison Place is without knowledge sufficient to admit or deny the allegation in Paragraph 24 of the Complaint, and therefore denies this allegation.

25. Addison Place is without knowledge sufficient to admit or deny the allegation in Paragraph 25 of the Complaint, and therefore denies this allegation.

## COUNT I AS TO ADDISON'S VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT § 559.72(9)

26. Admitted.

27. Admitted that Addison Place is a "person" under the FCCPA. Denied that the debt it attempted to collect from Plaintiff was illegitimate.

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

33. Admitted that Addison Place hired IQ Data to collect the debt from Plaintiff.

34. Admitted.

35. Denied.

36. Admitted that Addison Place hired IQ Data to collect the debt. Denied that the debt was illegitimate.

37. Denied insofar as Paragraph 37 implies that Addison Place engaged in unfair and deceptive conduct.

38. Denied.

39. Denied as to causation. Addison Place is without knowledge sufficient to admit or deny the allegation in Paragraph 39 regarding Plaintiff's credit score, and therefore denies this allegation. Addison Place is without knowledge sufficient to admit or deny the allegation in Paragraph 39 regarding Plaintiff's damages, and therefore denies this allegation.

40. Denied.

41. Denied.

Addison Place is not named in Counts II through IV, and accordingly submits it need not respond to the allegations in Paragraphs 42 – 69.

42. To the extent a response is required, Addison Place is without knowledge sufficient to admit or deny the allegation in Paragraphs 42 – 69 of the Complaint, and therefore denies these allegations.

### PLAINTIFF'S REQUEST FOR JURY TRIAL

Addison Place submits that Plaintiff waived all rights to a jury trial in this action and accordingly, Plaintiff's demand for a jury trial must be denied. Paragraph 40 of the Lease Agreement states:

> In order to minimize legal expenses and, to the extent allowed by law, you and we agree that the trial of any lawsuit, claim, counterclaim, demand, action or cause of action based on statute, common law, equity, tort, personal injury, contract and/or in any way related to this Lease Contract, related to your tenancy, and/or related to your relationship with us, shall be to a judge and not a jury. YOU AND WE VOLUNTARILY WAIVE ANY RIGHT TO A JURY TRIAL.

*See* Exhibit 1. Therefore, Defendant Addison Place respectfully requests this Court deny Plaintiff's request for a jury trial.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim under the FCCPA because Plaintiff has failed to allege and cannot show that Addison Place attempted to collect on Plaintiff's debt with actual knowledge of the illegitimacy of the debt.

### Second Affirmative Defense

Plaintiff's claim fails, as the alleged actions of Addison Place and its agents and employees are protected by the "*bona fide* error" defense pursuant to section 559.77(3), Florida Statutes, because such actions or inactions, if they occurred, were not intentional and resulted from a *bona fide* error notwithstanding Addison Place's maintenance of procedures reasonably adapted to avoid such errors.

### Third Affirmative Defense

Plaintiff's claim in Count I for damages based on emotional distress is barred by Florida's impact rule because there has been no physical impact as a result of a deliberate and calculated act performed with the intention of producing such an injury by one knowing that such an act would most likely produce such an injury. *Steiner & Munach, P.A. v. Williams*, 334 So. 2d 39, 42 (Fla. 3d DCA 1976).

## RESERVATION OF DEFENSES

Addison Place reserves the right to amend this Answer and Affirmative Defenses to Plaintiff's Complaint and Demand for Jury Trial to assert any other lawful defenses of which it becomes aware.

## COUNTERCLAIM

### PARTIES

1. Counter-Plaintiff, Addison Place Apartments Property Owner LLC ("Addison Place") is a foreign profit corporation with its principal place of business at 11766 Wilshire Blvd. Suite 1500, Los Angeles, California 90025.

2. Upon information and belief, Counter-Defendant, Carlos Roberto, ("Counter-Defendant") is an individual residing in Broward County, Florida.

3. This Court has jurisdiction over this Counterclaim as the claim against Addison Place in Plaintiff's Complaint is brought under 28 U.S.C. § 1367.

4. Venue is proper because the violations giving rise to this Counterclaim occurred within the Southern District of Florida.

### FACTUAL ALLEGATIONS

5. On August 16, 2023, Counter-Defendant commenced this action against Addison Place under the Florida Consumer Collection Practices Act ("FCCPA") after co-defendant IQ Data sought to collect on a debt owed by Plaintiff.

6. This action concerns a Lease Agreement entered into between Counter-Defendant and Addison Place on November 1, 2019, and renewed in 2020 and 2021. *See* Exhibit 1. Counter-Defendant's apartment was located at 21925 Mizner Lane, Apt. 8033, Boca Raton, Florida 33433 (the "Premises").

7. As part of the Lease Agreement, Counter-Defendant paid a $500.00 security deposit to Addison Place. Exhibit 1 at section 4.

8. Regarding cleaning, section 49 of the Lease Agreement states as follows: "You must thoroughly clean the apartment, including doors, windows, furniture, bathrooms, kitchen

appliances, patios, balconies, garages, carports, and storage rooms. You must follow move-out cleaning instructions if they have been provided. If you don't clean adequately, you'll be liable for reasonable cleaning charges."

9. Additionally, section 51 of the Lease Agreement, regarding security deposit deductions and other charges, provides that the tenant will be held liable for "repairs or damages caused by negligence, carelessness, accident, or abuse, including stickers, scratches, tears, burns, stains, or unapproved holes."

10. Count-Defendant was required to submit any requests for repairs to the Online Tenant Portal. *See* Exhibit 1 at section 27.

11. After Counter-Defendant vacated the Premises on February 5, 2023, Addison Place conducted its standard move-out inspection. This inspection revealed numerous damages in need of cleaning or repair that were not reported in the Online Tenant Portal, in violation of the Lease Agreement.

12. Specifically, Addison Place needed to replace the carpet due to damage and staining, partially re-paint the walls, and clean the sinks, tub, and washing machine, which were covered in grime.

13. All of these damages were documented in the Statement of Security Deposit Accounts dated February 9, 2023 and mailed to Counter-Defendant's last known address on file, along with the Notice of Intent to retain the $500.00 security deposit. The move-out inspectors also took photographs of the damages.

14. The total amount due for the cleaning and repairs, after applying the security deposit, was $1,391.00.

15. Counter-Defendant failed to pay the amount due.

16. Addison Place has been forced to incur collection costs and retain counsel or seek to collect the $1,391.00.

17. All conditions precedent have been satisfied or waived.

## COUNT I – BREACH OF CONTRACT

18. Addison Place re-alleges his allegations in paragraphs 1-18 above.

19. Pursuant to the Lease Agreement between Addison Place and Counter-Defendant, Counter-Defendant was required to report any damage or necessary repairs to Addison Place through the Online Tenant Portal.

20. Pursuant to the Lease Agreement between Addison Place and Counter-Defendant, Counter-Defendant was required to thoroughly clean the Premises before moving out.

21. Pursuant to the Lease Agreement between Addison Place and Counter-Defendant, Counter-Defendant agreed to be held liable for "repairs or damages caused by negligence, carelessness, accident, or abuse, including stickers, scratches, tears, burns, stains, or unapproved holes."

22. Counter-Defendant failed to adequately clean the Premises before vacating the Premises.

23. Counter-Defendant failed to submit work orders for this damage before vacating the premises.

24. As a result of Counter-Defendant's breach, Addison Place was required to replace the stained carpet, partially paint the walls, and professionally clean numerous areas of the Premises.

25. As a result of Counter-Defendant's breach, Addison Place was required to retain the $500.00 security deposit and pay for the carpet replacement, partial paint, and cleaning, resulting in a balance of $1,391.00.

26. Counter-Defendant is therefore liable for the repairs in the amount of $1,391.00.

27. Addison Place has been forced to incur collection costs and retain counsel or seek to collect the $1,391.00.

28. Pursuant to the terms of the Lease Agreement, Counter-Defendant is liable to Addison Place for its reasonable attorneys' fees, collection costs, and prejudgment interest.

WHEREFORE, Addison Place requests this Court enter judgment for Addison Place and award Addison Place damages in the amount of $1,391.00, prejudgment interest, as well as its reasonable attorneys' fees and costs, and collection costs.

Dated: October 24, 2023

TACHE, BRONIS & DESCALZO, P.A.
150 SE Second Avenue Suite 600
Miami, Florida 33131
T: 305-537-9565
F: 305-537-9567

/s/ *Walter J. Tache*
**Walter J. Tache, Esq.**
Fla. Bar No. 0028850
wtache@tachebronis.com
service@tachebronis.com
**Alyssa M. Altonaga, Esq.**
Fla. Bar No. 1025089
aaltonaga@tachebronis.com
service@tachebronis.com

## CERTIFICATE OF SERVICE

I CERTIFY that on October 24, 2023, the foregoing document was electronically filed via CM/ECF which will serve all counsel of record.

/s/ *Walter J. Tache*
**Walter J. Tache, Esq.**