UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-61579-CIV-DIMITROULEAS

CARLOS ROBERTO,

    Plaintiff,

vs.

ADDISON PLACE APARTMENTS PROPERTY
OWNER, LLC, et al.,

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS PURSUANT TO RULE 41(a)(2)

THIS CAUSE is before the Court on Plaintiff Carlos Roberto ("Plaintiff") and Defendants Addison Place Apartments Property Owner, LLC ("Addison") and JRK Residential Group, Inc. ("JRK")'s Joint Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(a)(2) (the "Motion") [DE 109], filed on July 5, 2024. The Court has carefully considered the Motion, notes that the Motion contains the required certification of conferral with the other Defendant I.Q. Data International, Inc. ("IQ Data") pursuant to S.D. Fla. L.R. 7.1(a)(3), and is otherwise fully advised in the premises.

Fed. R. Civ. P. 41(a)(2) provides an avenue for dismissal of all claims against particular defendants in a multi-defendant case. *See City of Jacksonville v. Jacksonville Hosp. Holdings, L.P.*, 82 F.4th 1031, 1038–39 (11th Cir. 2023) ("We also note that if counsel are unable to acquire signatures from all parties who have appeared in the litigation, the Rules do not leave them without recourse. Should this situation arise, Rule 41(a)(2) still provides parties with an avenue for securing dismissals through court order."); *Rosell v. VMSB, LLC*, 67 F.4th 1141, 1144, n.2 (11th Cir. 2023) ("Our Circuit has recognized that Rule 41(a) allows a district court to

dismiss all claims against a particular defendant. *See Klay*, 376 F.3d at 1106; *Esteva*, 60 F.4th at 677. But that exception (if it can be called that) is compatible with the rule's text because in a multi-defendant lawsuit, an 'action' can refer to all the claims against one party.").

In the Local Rule 7.1(a)(3) Certificate of Conferral, Plaintiff states that "Defendant I.Q. Data, Inc., through its counsel Douglas Khale, Esq., takes no position with respect to the instant motion." [DE 109] at p. 3. Accordingly, in an abundance of caution, the Court entered an Order on July 9, 2024, requring Defendant IQ Data to file an expedited response to the Motion [DE 109] on or before July 15, 2024. *See* [DE 110]. The Court cautioned "[i]f Defendant IQ Data does not file a response on or before that date, the Court will grant the Motion [DE 109] as unopposed." *See id.*  Defendant IQ Data did not file a response.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion [DE 109] pursuant to Fed. R. Civ. P. 41(a)(2) is hereby **GRANTED**.

2. Plaintiff's claims against Defendants Addison and JRK, and Defendant Addison's counterclaims against Plaintiff are hereby dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(2)

3. The parties stipulate that Plaintiff is the prevailing party under the FCCPA against Defendants JRK and Addison, and the prevailing party on Defendant Addison's counterclaim.

4. The Court shall retain jurisdiction over the settlement agreement and for purposes of considering any motion for attorneys' fees and costs, which shall be referred to the Magistrate Judge.

5. This case shall remain open and pending as to the remaining Defendant.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 16th day of July 2024.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record