UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:23-CV-61579-DIMITROULEAS/AUGUSTIN-BIRCH

CARLOS ROBERTO,

    Plaintiff,

v.

ADDISON PLACE APARTMENTS PROPERTY
OWNER LLC, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION ON
## PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

This cause comes before the Court on Plaintiff Carlos Roberto's Motion for Attorney's Fees and Costs. DE 152. The Honorable William P. Dimitrouleas, United States District Judge, referred the Motion to the undersigned United States Magistrate Judge for a report and recommendation. *See* DE 155. Defendants Addison Place Apartments Property Owner LLC and JRK Residential Group, Inc. filed a response, DE 153, and Plaintiff filed a reply. DE 154. Having carefully considered the briefing and the record and being otherwise fully advised in the premises, the Court **RECOMMENDS GRANTING IN PART AND DENYING IN PART** Plaintiff's Motion for Attorney's Fees and Costs [DE 152].

### I. Background

On August 16, 2023, Plaintiff Carlos Roberto initiated litigation against Defendants Addison, JRK, and I.Q. Data International, Inc. after Defendants Addison and JRK attempted to collect $1,391 from Plaintiff after he vacated his apartment. DE 1. Defendants Addison and JRK filed an answer and a counterclaim against Plaintiff. DE 34. After litigating for roughly ten months, Plaintiff and Defendants Addison and JRK executed a settlement agreement wherein Defendants Addison and JRK agreed to pay Plaintiff $10,000 to resolve his claims against them and to pay Plaintiff his reasonable attorney's fees

and costs. DE 105. Thereafter, Judge Dimitrouleas dismissed Plaintiff's claims against Defendants Addison and JRK and Defendants Addison and JRK's counterclaim against Plaintiff while reserving jurisdiction over the parties' settlement agreement in order to consider a motion for attorney's fees. DE 111. Subsequently, Plaintiff filed the present Motion for Attorney's Fees and Costs, seeking $54,667.75 in attorney's fees and $2,700 in costs. DE 152. As explained below, Plaintiff reduces the amount of attorney's fees he seeks to $47,060.25 in his reply. *See* DE 154 at 2.

## II. Analysis

Defendants Addison and JRK do not contest Plaintiff's entitlement to attorney's fees. DE 153 at 8 ("Defendants do not dispute that Plaintiff . . . is entitled to reasonable attorney's fees."). As such, this Court need only determine what amount is reasonable for Plaintiff's attorney's fees.

### A. Reasonable Hourly Rates

To determine reasonable attorney's fees, courts must employ the "lodestar" method. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The first step of the lodestar method is determining a reasonable hourly rate. *Id.* "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* The attorney moving to receive his or her fees bears the burden of justifying the reasonableness of the requested rate. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) ("In seeking some basis for a standard, courts properly have required prevailing attorneys to justify the reasonableness of the requested rate or rates. To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.").

Here, Plaintiff seeks to recover fees for his three attorneys: Attorneys Darren Newhart, Joshua Feygin, and Sarah Feller. DE 152. Plaintiff originally sought hourly rates of $450 for Attorney Newhart,

$400 for Attorney Feygin, and $250 for Attorney Feller in his Motion. *Id.* at 8. However, in his reply, Plaintiff agrees to reduce the hourly rates to $400 for Attorney Newhart, $350 for Attorney Feygin, and $200 for Attorney Feller. DE 154 at 2. Defendants Addison and JRK contend those hourly rates are reasonable in their response. *See* DE 153 at 10 ("[T]he rates of $400 for Attorney Newhart; $350 for attorney Feygin and $200 for attorney Feller. . . . are more reasonable considering they reflect the specific skills, experience, and expertise of attorneys Newhart, Feygin, and Feller, and *were awarded only three months ago*.").[1] Therefore, the Court recommends awarding fees using those hourly rates.

### B. Reasonable Hours Expended

After determining a reasonable hourly rate, the second step of the "lodestar" method is to arrive at the total hours reasonably expended. *Norman*, 836 F.2d at 1301. Litigants are required to exercise billing judgment and are to exclude excessive, redundant, or otherwise unnecessary hours from their billing affidavits. *See id.* Ultimately, when reviewing fee applications, courts "need not, and indeed should not, become green-eyeshade accountants," as the goal is to "do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

Here, Plaintiff contends that the 72.7 hours Attorney Newhart billed, 33.5 hours Attorney Feygin billed, and 72.8 hours Attorney Feller billed are reasonable. DE 152 at 13. But Defendants Addison and JRK maintain that these hours are unreasonable for a myriad of reasons. *See* DE 153 at 11 (raising eight objections to the hours Plaintiff's counsel billed). In his reply, Plaintiff contends that his request for attorney's fees includes a voluntary 15% reduction which, according to Plaintiff, is sufficient to resolve any purported issues with his counsel's billing records. DE 154 at 5. However, from the Court's review of the billing records, the 15% voluntary reduction is not adequate to remedy the numerous issues with

---

[1] Defendants Addison and JRK also argue that Plaintiff violated the spirit of Local Rule 7.3(b) by seeking a higher hourly rate for Attorneys Newhart and Feller in his Motion than the hourly rates indicated in the billing records provided as part of the draft motion for attorney's fees Plaintiff submitted pursuant to Local Rule 7.3(b). DE 153 at 9. However, after the reduction in his reply, the hourly rates Plaintiff now seeks for Attorneys Newhart and Feller match what was indicated in the billing records provided with his draft motion for attorney's fees. *See* DE 153-11 at 2–31. Therefore, this issue is moot.

the billing records. Accordingly, the Court will address Defendants Addison and JRK's contentions in turn and conduct an hour-by-hour analysis of the billing records. *See Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) ("When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut.").

### 1. Bad Faith Refusal to Settle in Order to Generate More Attorney's Fees

Citing case law where a court reduced or completely denied attorney's fees under a fee-shifting statute after finding that the prevailing party acted in bad faith to run up attorney's fees, Defendants Addison and JRK contend that Plaintiff should not recover attorney's fees for any hours his counsel billed after February 13, 2024. DE 153 at 12. Specifically, Defendants Addison and JRK argue that, by February 13, 2024, they had offered Plaintiff "much more than the full value" of his recoverable damages and stipulated for the Court to determine Plaintiff's reasonable fees and costs. *Id.* at 12–13. The Court does not find that Plaintiff refused to settle in a bad faith effort to generate more attorney's fees.

On February 13, 2024, Defendants Addison and JRK offered Plaintiff $6,000 to settle the case and for the Court to determine Plaintiff's reasonable attorney's fees. DE 153-6; DE 153-7. Later, on May 13, 2024, Defendant IQ Data made a global settlement offer on behalf of all Defendants for $15,000, but this offer did not include a provision for Plaintiff's attorney's fees. DE 153-9 at 2. Eventually, on June 10, 2024, Plaintiff and Defendants Addison and JRK settled for $10,000 and agreed to have the Court resolve the matter of Plaintiff's attorney's fees. DE 105. Therefore, Plaintiff's eventual settlement was for more than Defendants Addison and JRK had previously offered him to settle, and the Court sees no evidence that Plaintiff refused those previous settlement offers in a bad faith effort to generate more attorney's fees. Accordingly, the Court does not recommend disallowing fees for all hours Plaintiff's counsel billed after February 13, 2024.

4

## 2. Vague Time Entries

Defendants Addison and JRK maintain that Plaintiff should not recover attorney's fees for billing entries that are vague. DE 153 at 13. In total, Defendants Addison and JRK claim that Plaintiff's counsel's billing records contain 113 vague entries, totaling 14.7 hours, and Defendants Addison and JRK attach a spreadsheet to their response identifying these purportedly vague entries. *Id.*; *see also* DE 153-12 (spreadsheet). From the Court's review of the spreadsheet, it appears that Defendants Addison and JRK largely object to Plaintiff's counsel billing to seemingly review every notification of electronic filing ("NEF") in this case. For example, on March 14, 2024, Attorney Feller billed .1 hours to "Analyze[] NEF e-mail from Court providing mediation report." DE 152-2 at 27. Attorney Newhart also billed .1 hours to review that same NEF. *See id.* (.1 hours billed by Attorney Newhart for "Subject: Activity in Case 0:23-cv-61579-WPD Roberto v. Addison Place Apartments Property Owner LLC et al Mediation Report").[2] And this is not the only instance the Court found of Attorneys Newhart and Feller billing to review the same NEF. *See, e.g.*, *id.* at 21–22 (.1 hours billed by both Attorneys Newhart and Feller for reviewing NEF for Order Granting Motion for Extension of Time). Additionally, Attorney Feygin also billed to review a NEF. *See* DE 152-3 at 9 (billing entry on August 16, 2023, for .2 hours to review NEF for assignment of District Judge and Magistrate Judge).

The Court not only finds some of Attorney Newhart and Feller's billing entries for reviewing NEFs to be unreasonably duplicative, but it also finds that the practice of billing to review every NEF in this case, regardless of the substance or whose filing created the NEF, to be unreasonable and excessive. *See Am. C.L. Union of Ga. v. Barnes,* 168 F.3d 423, 432 (11th Cir. 1999) (explaining that courts can reduce redundant hours if "the attorneys are unreasonably doing the same work"); *Slutsky v. Plotkin*, No. 23-CV-61416-RLR, 2023 WL 9183689, at *1 (S.D. Fla. Dec. 21, 2023) ("The Court concludes that a

---

[2] From the Court's review of the billing records, it appears that Plaintiff's counsel would bill both to review a NEF and to review the filed document that created that NEF. *See, e.g.*, DE 152-2 at 37 (billing entries on May 21, 2024, by Attorney Feller to: (1) review NEF for the Court's Order granting in part and denying in part motion to compel, and (2) review the Court's Order).

5

separate billing entry [of .1 hours] for the receipt of every notice of electronic filing, regardless of the substance or content of the notices, is unreasonable and excessive."). In total, after reviewing Plaintiff's counsel's billing records, the Court found that Plaintiff's counsel billed a total of 15.3 hours for reviewing NEFs, and the Court finds these hours to be unreasonable. Therefore, the Court recommends deducting 8.4 hours from Attorney Newhart's total hours, .2 hours from Attorney Feygin's total hours, and 6.7 hours from Attorney Feller's total hours to account for the hours the attorneys billed for reviewing NEFs.

Moreover, from the Court's review of Attorneys Newhart and Feller's billing records, the Court also found vague entries. For instance, Attorney Newhart billed .1 hours on December 27, 2023, for "Subject: Re: Roberto," DE 152-2 at 23, but this entry does not indicate what work was performed. The Court also found an entry where it appears, absent a more descriptive billing entry explaining the relevance to this case, that Attorney Newhart billed for an unrelated matter. *See id.* at 35 (billing entry by Attorney Newhart for .1 hours for "Subject: RE: Activity in Case 3:22-cv-01350-HES-LLM Medrano v. United Holding Group Statement of undisputed facts"). Without a more detailed description of what these billing entries were for, the Court cannot determine whether they are for recoverable or non-recoverable tasks. *See Hensley v. Eckerhart*, 461 U.S. 424, 438 n.12 (1983) ("[C]ounsel, of course, is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures."); *Caldwell v. Seychelles Ltd.*, No. 0:23-CV-61267, 2024 WL 4202125, at *6 (S.D. Fla. Aug. 16, 2024) (recommending reducing billed hours to account for vague billing entries). In total, the Court found that Attorney Newhart billed 1.2 hours where the billing entries are vague, and the Court recommends deducting these hours from Attorney Newhart's total hours:

1. December 27, 2023 billing entry for .1 hours for "Subject: Re: Roberto";

2. March 28, 2024 billing entries for .2 hours for "Subject: New service request: [Roberto v. Addison Place Apartments Property Owner LLC. et al. 23-61579]" and "Subject: Re: Update- Roberto v JRK";

3. April 4, 2024 billing entry for .1 hours for "Subject: Re: SERVICE OF COURT DOCUMENTS CASE NO. 23-CV-61579-WPD";

4. April 16 and 17, 2024 billing entries for .3 hours for "Subject: Re: Update- Roberto v. JRK," "Subject: Service of Amended Subpoena- Roberto Carlos v. Addison Place et al. Case No. 0:23-CV-61579," and "Subject: RE: Roberto Carlos v. JRK et al.";

5. April 29, 2024 billing entry for .1 hours for "Subject: Re: Carlos Roberto—Request for Telephone Conference";

6. May 15, 2024 billing entry for .1 hours for "Subject: RE: Activity in Case 3:22-cv-01350-HES-LLL Medrano v. United Holding Group Statement of undisputed facts";

7. May 16, 2024 billing entry for .1 hours for "Subject: RE: Roberto v. Addison et al.";

8. May 17, 2024 billing entry for .1 hours for "Subject: Activity in Case 0:23-cv-61579-WPD Roberto v. Addison Place Apartments Property Owner LLC et al Order"; and

9. May 20, 2024 blank billing entry for .1 hours.

DE 152-2 at 23, 27, 28, 30, 32, 35, 36.

### 3. Administrative Tasks and Clerical Work

Defendants Addison and JRK argue that the Court should also reduce Plaintiff's counsel's hours by the time spent on administrative or clerical work, and Defendants Addison and JRK attach a spreadsheet identifying disputed entries. DE 153 at 14–15; *see also* DE 153-13 (spreadsheet). Litigants may not recover fees for tasks which are purely clerical or secretarial in nature. *See Seacoast Nat'l Bank v. M/Y VIAGGIO*, No. 22-CV-62311, 2023 WL 6930685, at *2 (S.D. Fla. Oct. 2, 2023), *report and recommendation adopted*, No. 22-CV-62311-RAR, 2023 WL 6908985 (S.D. Fla. Oct. 19, 2023); *Ortega*

7

*v. Berryhill*, No. 16-24697-CIV, 2017 WL 6026701, at *2 (S.D. Fla. Dec. 5, 2017) ("Purely clerical or secretarial tasks that require no legal skill or training, such as converting pleadings to PDF, faxing and mailing, updating lists and calendars, and filing or e-filing documents, should not be billed at a paralegal rate regardless of who performs them." (citing *Spegon v. Cath. Bishop of Chi.*, 175 F.3d 544, 553 (7th Cir. 1999))).

After reviewing Plaintiff's counsel's billing records, the Court has found numerous instances where Plaintiff's counsel billed for non-recoverable clerical work. For instance, Attorney Feller billed to, among other things, format documents for filing, mail documents, file documents, and calendar deadlines. *See* DE 152-2 at 9, 11–13, 15, 16, 19, 20, 26, 28 (billing entries for .4 hours on August 24, 2023, to file notices of filing return of service; billing entries for .8 hours on October 3, 2023, to travel to United States Post Office and mail documents; billing entries on October 9, 2023, for .2 hours to file motions for default judgment; billing entries on October 10, 2023, for .5 hours to prepare motion for extension of time for filing and filing the motion; billing entry on October 16, 2023, for .1 hours to file motion for clerk's default; billing entry on October 24, 2023, for .4 hours to calendar deadlines; billing entry on October 28, 2023, for .1 hours to calendar deadlines; billing entry on November 16, 2023, for .2 hours to finalize joint motion and file joint motion; billing entry on December 1, 2023, for .1 hours to email proposed order to Court; billing entry on February 14, 2024, for .4 hours to prepare final versions of discovery; billing entry on April 9, 2024, for .2 hours to rename production documents for searchability; billing entry on April 9, 2024, for .1 hours to prepare final version of motion and file motion; billing entry on April 10, 2024, for .1 hours to file answer and affirmative defenses). Attorney Feygin also billed for clerical and administrative tasks. *See* DE 152-3 at 9 (billing entry on June 12, 2023, for 1.1 hours which included, among other tasks, issuing retainer agreement to Plaintiff, "file

prep," and calendaring deadlines);[3] *id.* at 11 (billing entry on July 3, 2024, for .2 hours to file joint motion to dismiss and billing entry on July 5, 2024, for .1 hours to submit proposed order on joint motion to dismiss). As such, the Court recommends deducting .6 hours from Attorney Feygin's total hours and 3.6 hours from Attorney Feller's total hours to account for time billed for clerical work.

### 4. Work Unrelated to Claims Against Addison and JRK

Defendants Addison and JRK assert that Plaintiff's counsel billed for work unrelated to Plaintiff's claims against them and that Plaintiff should not recover any fees for those hours. DE 153 at 15–16. However, Defendants Addison and JRK's arguments on this point are conclusory. Defendants Addison and JRK claim that "the work related to the claim against IQ Data can be clearly distinguished from the work on the FCCPA claim against" themselves. *Id.* at 15. But they fail to explain why the billing entries in contention bear no possible relation to Plaintiff's claims against themselves. By way of example, Defendants Addison and JRK highlight billing entries by Attorney Feygin for reviewing a subpoena to Experian and coordinating an evaluation with an expert as being unrelated to Plaintiff's claims against themselves. *Id.* However, Defendants Addison and JRK do not explain why the Experian subpoena and expert have no bearing on Plaintiff's claims against them such that Plaintiff should not recover fees for those hours. As such, the Court lacks information to enable it to determine which billing entries, if any, relate solely to Plaintiff's claims against Defendant IQ Data. That being said, the Court did find some billing entries that cannot be attributed to Plaintiff's claims against Defendant Addison and JRK, and the Court recommends deducting those hours as explained below in subsection eight.

### 5. Work Done by Multiple Attorneys

Defendants Addison and JRK contend that Plaintiff should not recover fees for hours where multiple attorneys billed for the same task. *Id.* at 16. In particular, Defendants Addison and JRK note

---

[3] Because these clerical tasks are billed together with non-clerical tasks, the Court cannot determine precisely how much time Attorney Feygin devoted to the clerical tasks. Nevertheless, the Court recommends deducting .3 hours from Attorney Feygin's total time as a rough estimate to account for the clerical tasks he performed on June 12, 2023.

that Plaintiff seeks to recover fees for the time all three of his attorneys spent to attend a May 15, 2024 Discovery Hearing and the time Attorneys Newhart and Feller spent to prepare for that hearing. *Id.* This Court's Order Setting Discovery Procedures encourages parties to have less-experienced attorneys participate in discovery hearings. DE 31 at 3. And Plaintiff utilized this opportunity to have Attorney Feller argue at the May 15, 2024 Discovery Hearing in addition to Attorney Newhart. *See* DE 90. Therefore, the Court does not recommend excluding the time Attorneys Newhart and Feller billed to prepare for and attend the May 15, 2024 Discovery Hearing. However, seeing as the May 15, 2024 Discovery Hearing only lasted 51 minutes, DE 92, the Court recommends reducing the hours Attorney Newhart billed for attending that Discovery Hearing from 1.4 hours to .9 hours. *See* DE 152-2 at 34 (billing entry on May 15, 2024 for 1.4 hours by Attorney Newhart to attend hearing on Plaintiff's motion to compel). Additionally, because Attorney Feygin merely appeared for the May 15, 2024 Discovery Hearing and did not actively participate, the Court recommends deducting .9 hours from Attorney Feygin's total hours. *See* DE 152-3 at 10 (billing entry on May 15, 2024, for .9 hours by Attorney Feygin to appear at discovery hearing).

Moreover, Defendants Addison and JRK maintain that Plaintiff should not recover fees for the time his attorneys billed to confer amongst themselves. DE 153 at 16. From the Court's review of Plaintiff's counsel's billing records, the Court found numerous entries for the attorneys to confer amongst themselves about case strategy and other matters. *See, e.g.*, DE 152-2 at 17 (billing entry on November 7, 2023, for .1 hours by Attorney Newhart to email co-counsel about motion to sever); *id.* at 26 (billing entry on February 12, 2024, by Attorney Feller for .5 hours to prepare response to Attorney Newhart's comments on mediation statement); DE 152-3 at 9 (billing entry on November 28, 2023, for .2 hours by Attorney Feygin for emails between him and Attorney Newhart about case strategy and settlement). Other courts have found that such work should be excluded from a fee award for multiple attorneys, and this Court agrees. *See Korman v. Iglesias*, No. 18-21028-CV, 2019 WL 2142521, at *5

10

(S.D. Fla. Apr. 4, 2019) ("We will also exclude from the fee award the time billed by both attorneys spent 'discussing' the case at hand. Many times, the billing records show both attorneys engaging in 'telephone conferences' with each other to discuss the case, or 'reviewing' plans [for] some future action. This time must also be excluded from the fee award." (citation omitted)), *report and recommendation adopted*, No. 18-21028-CIV, 2019 WL 2141655 (S.D. Fla. Apr. 25, 2019); *see also Lee v. Krystal Co.*, 918 F. Supp. 2d 1261, 1270 (S.D. Ala. 2013) ("With so many cooks making the broth, the need for internal conferences to keep everyone on the same recipe rises dramatically and undermines the reasonableness of those billings."). Therefore, the Court recommends excluding all time billed by Plaintiff's attorneys to email one another. In total, the Court recommends deducting .6 hours from Attorney Newhart's total hours, 4.1 hours from Attorney Feygin's total hours, and .5 hours from Attorney Feller's total hours to account for the billing entries covering the attorneys' conferral amongst themselves.

Lastly, while reviewing Plaintiff's counsel's billing records, the Court found numerous instances where Plaintiff's counsel billed for updating Plaintiff about the status of his case. *See, e.g.*, DE 152-3 at 9 (November 19, 2024 billing entry by Attorney Feygin for .3 hours to update Plaintiff about counterclaim and case strategy); DE 152-2 at 14 (October 17, 2023 billing entries by Attorneys Newhart and Feller to update Plaintiff about the case and answer his questions). In the past, this Court has recommended disallowing fees for hours counsel spent updating a client about the status of the case. *See Santiago v. Peacock's 17, LLC*, No. 0:22-CV-62272, 2024 WL 582880, at *4 (S.D. Fla. Jan. 29, 2024) (recommending exclusion of hours spent to update client about the status of the case), *report and recommendation approved*, No. 22-CV-62272, 2024 WL 580358 (S.D. Fla. Feb. 13, 2024); *see also Slutsky*, 2023 WL 9183689, at *1 ("Counsel is required to keep his client informed of the status [of] his case pursuant to the Rules of the Florida Bar. *See* Rule 4-1.4 of the Rules Regulating the Florida Bar. This Court does not believe that it is fair for the Defendant to have to pay for counsel's bar-mandated

duty to keep his client informed, particularly when, due to the attorney-client privilege, the Defendant cannot inquire as to the content of the communications to evaluate the reasonableness of counsel's requested fee award."). Thus, the Court recommends deducting 7 hours from Attorney Newhart's total hours, 3.5 hours from Attorney Feygin's total hours, and 1.2 hours from Attorney Feller's total hours to account for the time they spent updating Plaintiff about the status of his case.

### 6. Work Necessitated by Plaintiff

Defendants Addison and JRK argue that Plaintiff should not recover fees for work that was necessitated by his own conduct, such as work to seek extensions of time and respond to orders to show cause. DE 153 at 17–18. Courts generally do not award fees for time a party spent to seek extensions of time or to respond to orders to show cause necessitated by that party's own conduct. *See Danow v. L. Off. of David E. Borback, P.A.*, 634 F. Supp. 2d 1337, 1344 (S.D. Fla. 2009) ("[T]he Court finds that plaintiff should not be compensated for time spent preparing motions for extensions of time . . . ."); *Simon v. Leaderscape LLC*, 565 F. Supp. 2d 1332, 1336 (S.D. Fla. 2008) ("Defendants are not responsible for fees incurred from Plaintiff's mistakes nor are they responsible for Plaintiff's requests for additional time."); *Dall. Buyers Club, LLC v. Brennan*, No. 614CV1011ORL37GJK, 2015 WL 12778344, at *8 (M.D. Fla. May 26, 2015) ("Courts in this District routinely decline to award fees for time spent responding to an order to show cause."), *report and recommendation adopted*, No. 614CV1011ORL37GJK, 2015 WL 12672125 (M.D. Fla. June 18, 2015).

Plaintiff's counsel billed for work relating to Plaintiff's motions for extension of time and responses to orders to show cause. *See* DE 152-3 at 9 (billing entries on December 21, 2023, by Attorney Feygin for .6 hours to confer about motion for extension of time to reply, prepare motion for extension of time to reply, and review order granting motion for extension of time to reply); DE 152-2 at 13 (billing entry on October 16, 2023, by Attorney Feller for .4 hours to prepare motion for extension of time); DE 152-2 at 21 (billing entry on December 21, 2023, by Attorney Feller for .9 hours to prepare response to

12

order to show cause); DE 152-2 at 12 (billing entry on October 10, 2023, by Attorney Feller for .1 hours to prepare updated proposed order for motion for extension of time); DE 152-2 at 13 (billing entry on October 17, 2023, by Attorney Newhart for .1 hours to review order on motion for extension of time); DE 152-2 at 13 (billing entry on October 10, 2023, by Attorney Newhart for .1 hours to discuss extension of time with opposing counsel); DE 152-2 at 22 (billing entry on December 25, 2023, by Attorney Newhart for .1 hours to review order granting extension to file reply). Accordingly, the Court recommends deducting .3 hours from Attorney Newhart's total hours, .6 hours from Attorney Feygin's total hours, and 1.4 hours from Attorney Feller's total hours to account for work done on motions for extension of time and responses to orders to show cause.

### 7. Fees on Fees

Defendants Addison and JRK maintain that Plaintiff should not recover any fees for time spent litigating the amount of his attorney's fees, citing caselaw holding that Florida law prohibits "fees on fees." DE 153 at 18 (citing *3Don & Partner Est. Grp., LLC*, No. 07-80439-CIV, 2009 WL 996016, at *19 (S.D. Fla. Apr. 14, 2009) ("Florida law does not permit an award of fees on fees." (quotation marks omitted))). In response, Plaintiff counters that the prevailing party under Florida's Consumer Collection Practices Act ("FCCPA") can recover fees on fees, citing an order from a Middle District of Florida Bankruptcy Court. DE 154 at 8 (citing *In re Burdett*, No. 8:09-AP-00390-KRM, 2015 WL 150848, at *4 (Bankr. M.D. Fla. Jan. 12, 2015) (ruling that prevailing party could recover fees on fees in an FCCPA case)). Given that fees on fees are generally not allowed under Florida law, the Court agrees with Defendants Addison and JRK.

As explained by the Eleventh Circuit, the Florida Supreme Court "has held that, while attorney's fees incurred for litigating the issue of entitlement to attorney's fees are recoverable, fees incurred for litigating the amount of attorney's fees are not." *McMahan v. Toto*, 311 F.3d 1077, 1085 (11th Cir. 2002) (citing *State Farm Fire & Cas. Co. v. Palma*, 629 So. 2d 830, 833 (Fla. 1993)); *see also Illoominate*

*Media, Inc. v. CAIR Fla., Inc.*, No. 22-10718, 2022 WL 4589357, at *5 (11th Cir. Sept. 30, 2022) ("CAIR should take heed that fees incurred for litigating the amount of recoverable attorney's fees are themselves not recoverable."). Following *McMahan*, courts within this District have routinely refused to award fees on fees. *See, e.g.*, *Gen. Star Nat'l Ins. Co. v. MDLV, LLC*, No. 1:21-CV-24284-MORENO/GOODMAN, 2024 WL 3994657, at *13 (S.D. Fla. Aug. 13, 2024) ("The Eleventh Circuit has held, following a Florida Supreme Court decision, that while attorney's fees incurred for litigating the issue of entitlement to attorney[']s fees are recoverable, fees incurred for litigating the amount of attorney's fees are not." (quotation marks and emphasis omitted)), *report and recommendation adopted*, No. 21-24284-CIV, 2024 WL 3983994 (S.D. Fla. Aug. 28, 2024); *TYR Tactical, LLC v. Productive Prod. Enter., LLC*, No. 15-CIV-61741, 2018 WL 3110799, at *13 (S.D. Fla. Apr. 11, 2018) ("[B]ecause Defendants' entitlement to attorney's fees is not at issue, and the action is governed by Florida law pursuant to the Agreement, the Court finds that Defendants/Appellees are not entitled to any 'fees on fees' in the district court or appellate proceedings."), *report and recommendation adopted sub nom. TYR Tactical, LLC v. Protective Prod. Enters., LLC*, No. 15-CV-61741, 2018 WL 3109624 (S.D. Fla. Apr. 30, 2018); *Chavez v. Mercantil Commercebank*, N.A., No. 10-23244-CIV, 2015 WL 136388, at *5 (S.D. Fla. Jan. 9, 2015) ("Under Florida law that governs this case, those 'fees on fees' are not recoverable."). And some Florida District Courts of Appeal have interpreted *Palma*, the case the Eleventh Circuit cited in *McMahan*, as creating a categorical bar on fees on fees. *See Mallas v. Mallas*, 326 So. 3d 704, 706 (Fla. 4th DCA 2021) ("Although the Court [in *Palma*] solely considered whether an award of fees for fees was proper under section 627.428, some courts have interpreted *Palma* as categorically disapproving of fees for fees awards.") (collecting cases). Nevertheless, Florida courts have permitted fees on fees as an exception to the general rule in certain situations. *See, e.g.*, *O'Boyle v. Town of Gulf Stream*, 341 So. 3d 335, 340 (Fla. 4th DCA 2022) (explaining that fees on fees have been authorized contrary to the general prohibition when: (1) a statute affords the trial court wide discretion to fashion a fee award, (2) a

14

contract's language is broad enough to permit fees on fees, or (3) fees on fees are awarded as a sanction under the inequitable conduct doctrine).

Absent any binding authority permitting fees on fees in FCCPA cases, the Court does not recommend awarding Plaintiff fees on fees. The parties' settlement agreement stipulated to Plaintiff's entitlement to reasonable attorney's fees and only left the amount of those attorney's fees to be determined by the Court. DE 105. Therefore, by June 10, 2024, the date on which the parties filed the settlement agreement, all that remained to be litigated was the amount of Plaintiff's attorney's fees. As such, the Court recommends deducting 9.6 hours from Attorney Newhart's total hours for time spent litigating the amount of attorney's fees after June 10, 2024:

1. .1 hours on June 11, 2024, for "Analyze email from JRK/Addison about attorney's fees and costs- Subject: RE: Robert v. JRK/Addison- settlement papers";
2. .9 hours on June 12, 2024, for "Analyzed time records in preparation of attorney's fees and costs as to Addison/JRK";
3. .8 hours on June 12, 2024, for "Analyze time records in preparation of attorney's fees and costs as to Addison/JRK";
4. .1 hours on June 12, 2024, for "email to Addison/JRK with attorney's fees and costs";
5. .1 hours on June 20, 2024, for "draft email to Addison on attorney's fees and costs issue";
6. .1 hours on July 1, 2024, for "Analyze email concerning attorney's fees and costs. Subject: Re: Roberto Carlos v. Addison et al";
7. 1.2 hours on July 20, 2024, for "background section for motion for attorney's fees";
8. .1 hours on July 20, 2024, for "Emails to Addison/JRK conferral on attorney's fees and costs. Subject: Re: Roberto";
9. .7 hours on July 20, 2024, for "settlement effort section for motion for attorney's fees";

10. 2.3 hours on July 20, 2024, for "reasonable hourly rate section for motion. Research caselaw from Magistrate on attorney's fees and costs. Begin draft on reasonable hours and research";

11. 1.5 hours on July 30, 2024, for "motion for reasonable attorney's fees and costs. Reasonable hourly rate;"; and

12. 1.7 hours on August 27, 2024, for "Motion for Attorney's Fees and costs. Finalize and edit. Review case law on feees [sic] on fees."

DE 152-2 at 41–43.

### 8. Attorney's Fees for Plaintiff's Claims Against IQ Data

As part of Plaintiff and Defendants Addison and JRK's settlement agreement, Defendants Addison and JRK agreed to answer written deposition questions Plaintiff submitted, so long as the questions were "limited to the information necessary to prosecute any remaining claims against the remaining defendant in the Litigation, IQ Data International." DE 119-1 at 2. Defendants Addison and JRK argue that Plaintiff should not recover fees for time his counsel billed for these discovery efforts, DE 153 at 19, and the Court agrees. Given that Plaintiff sought discovery from Defendants Addison and JRK that solely related to his claims against Defendant IQ Data, it would be unreasonable to require Defendants Addison and JRK to pay for that work. *See Caldwell*, 2024 WL 4202125, at *4 (finding it unreasonable to require non-prevailing party to pay for work done by prevailing party on matters unrelated to the claims against the non-prevailing party). As such, the Court recommends deducting 3.1 hours from Attorney Newhart's total hours. *See* DE 152-2 at 41 (billing entries on June 14, 17, and 18, 2024, by Attorney Newhart for a total of 3.1 hours to: (1) draft written deposition questions to Defendants Addison and JRK, (2) review case law about written deposition questions, and (3) draft emails to Defendants Addison and JRK about discovery issues). The Court also recommends deducting .7 hours from Attorney Feygin's total hours. *See* DE 152-3 at 11 (billing entries on June 17 and 24, 2024, for .7 hours to make revisions to written deposition questions to Defendants Addison and JRK).

16

### 9. Excessive Hours

"[T]he Supreme Court requires fee applicants to exercise billing judgment." *Norman*, 836 F.2d at 1301. If fee applicants do not exercise billing discretion, courts are required to do it for them. *See Galdames v. N & D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2011). While reviewing Plaintiff's counsel's billing records, the Court discovered an entry it finds to be unreasonable and excessive. On September 1, 2023, not even a month after Plaintiff initiated litigation and before Judge Dimitrouleas had even entered a Scheduling Order, Attorney Feller billed 3.1 hours to prepare proposed jury instructions. *See* DE 152-2 at 10. Proposed jury instructions are generally due shortly before trial is set to begin,[4] and they are informed by what claims have survived to be tried and what discovery has revealed, among other things. Accordingly, the Court finds the 3.1 hours Attorney Feller billed at such an early stage of the litigation to be excessive and unreasonable and recommends deducting 3.1 hours from Attorney Feller's total hours.

### 10. Total Hours After Reductions

Plaintiff claims that the 72.7 hours Attorney Newhart billed, 33.5 hours Attorney Feygin billed, and 72.8 hours Attorney Feller billed are reasonable. DE 152 at 13. After the deductions recommended above, the Court finds the following hours to be reasonable:

1. 42 hours for Attorney Newhart: 72.7 hours – 8.4 hours (NEF review) – 1.2 hours (vague billing entries) – .5 hours (overbill for appearance at Discovery Hearing) – .6 hours (work by multiple attorneys) – 7 hours (communication with Plaintiff) – .3 hours (work necessitated by Plaintiff) – 9.6 hours (fees on fees) – 3.1 hours (work unrelated to claims against Defendants Addison and JRK) = 42 hours

2. 22.9 hours for Attorney Feygin: 33.5 hours – .2 hours (NEF review) – .6 hours (clerical work) – .9 hours (appearance but no participation at Discovery Hearing) – 4.1 hours (work done by

---

[4] The eventual Scheduling Order provided a jury instruction deadline of November 22, 2024. DE 30 at 2.

    multiple attorneys) – 3.5 (communication with Plaintiff) – .6 hours (work necessitated by Plaintiff) – .7 hours (work unrelated to claims against Defendants Addison and JRK) = 22.9 hours

3. 56.3 hours for Attorney Feller: 72.8 hours – 6.7 (NEF review) – 3.6 hours (clerical work) – .5 hours (work done by multiple attorneys) – 1.2 hours (communication with Plaintiff) – 1.4 hours (work necessitated by Plaintiff) – 3.1 (unreasonable hours) = 56.3 hours

### C. Loadstar Calculation

The last step in determining reasonable attorney's fees is determining the lodestar amount, which "is determined by multiplication of a reasonable hourly rate times hours reasonably expended." *Norman*, 836 F.2d at 1302. The Court utilizes the following table to calculate the loadstar amount:

|  | **Reasonable Hourly Rate** | **Reasonable Hours** | **Total** |
| --- | --- | --- | --- |
| **Attorney Newhart** | $400 | 42 | $16,800 |
| **Attorney Feygin** | $350 | 22.9 | $8,015 |
| **Attorney Feller** | $200 | 56.3 | $11,260 |

Accordingly, the Court recommends awarding Plaintiff $36,075 in attorney's fees.

### III. Costs

In addition to seeking his attorney's fees, Plaintiff also seeks $2,700 for the cost of an expert witness. DE 152 at 20. Plaintiff retained an expert witness to review the file for this case and to evaluate and provide an opinion on the reasonable hourly rates and reasonable hours Plaintiff's counsel expended. *See* DE 152-4. Defendants Addison and JRK oppose an award of $2,700 for Plaintiff's costs, DE 153 at 19–20, and the Court agrees that Plaintiff should not be awarded his expert witness costs. As previously explained, Florida law generally does not permit fees on fees, and Plaintiff's costs for an expert witness to provide an opinion on the reasonableness of the amount of Plaintiff's attorney's fees are a form of fees on fees. *See Jin Zhi Star Lt. LLC v. Am. Zurich Ins. Co.*, No. 08-61191-CIV, 2009 WL 2899913, at *7 (S.D. Fla. Sept. 9, 2009) (declining to award fees for an expert witnessed used to support an attorney's

fees motion under Florida law's general prohibition on fees on fees). Accordingly, the Court does not recommend awarding Plaintiff $2,700 in costs for his expert witness.

## IV. Recommendation

For the foregoing reasons, the Court **RECOMMENDS GRANTING IN PART AND DENYING IN PART** Plaintiff's Motion for Attorney's Fees and Costs [DE 152] and awarding Plaintiff $36,075 in attorney's fees.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 11th day of February, 2025.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE